## DANA, INDIVIDUALLY, *v.* DANA, EXECUTOR OF DANA, ET AL.

### ERROR TO THE SUPREME JUDICIAL COURT OF THE STATE OF MASSACHUSETTS.

No. 276.  Argued March 24, 1919.—Decided June 2, 1919.

A judgment holding certain shares of such a character as to come within the general succession tax of the State, though the tax was opposed as reaching real property outside of the State, *held* not to involve the validity of the tax statute or of an authority exercised under the State, and hence not to be reviewable by writ of error under Jud. Code, § 237, as amended in 1916.

Writ of error to review 227 Massachusetts, 562, dismissed.

THE case is stated in the opinion.

*Mr. Hollis R. Bailey* for plaintiff in error.

*Mr. William Harold Hitchcock*, Assistant Attorney General of the Commonwealth of Massachusetts, with whom *Mr. Henry C. Attwill*, Attorney General of the Commonwealth of Massachusetts, was on the brief, for defendants in error.

MR. JUSTICE DAY delivered the memorandum opinion of the court.

This is a writ of error seeking to review in this court a decree of the Supreme Judicial Court of Massachusetts. The controversy concerned the right to tax under the Massachusetts Statutes of 1909, c. 490, Part IV, § 1, as amended by Stats. 1912, c. 678, the passing of certain interests under the will of Edith L. Dana, in the Duluth and Gladstone Real Estate Trust, in thirty preferred shares, forty-five common shares of the Amoskeag Manufacturing Company and in one hundred and thirty shares of the Boston Ground Rent Trust.

The probate court held in favor of the Treasurer and Receiver General,—that all of the interests of the testatrix in the several trusts and companies named were taxable under the Massachusetts statute. The case was decided in the Supreme Judicial Court of Massachusetts on June 29, 1917, and final decree entered July 23, 1917. 227 Massachusetts, 562. The ground upon which it is sought to bring the case here on writ of error rests upon the assertion that the Supreme Judicial Court erred in sustaining the succession tax because it was imposed on or on account of real estate situated outside of Massachusetts; therefore, rendering the assessment of the tax a violation of rights secured by the Fourteenth Amendment to

the Constitution of the United States, in that it took the property of the plaintiff in error without due process of law.

The case was decided, and the decree entered in the Supreme Judicial Court since the passage of the Act of September 6, 1916, c. 448, 39 Stat. 726, amending § 237 of the Judicial Code. Since the passage of the amendment, cases brought within its effect, of the character of this one, cannot be brought here by writ of error unless there is drawn in question the validity of a statute of or an authority exercised under the State on the ground of their being repugnant to the Federal Constitution, treaties or laws. Other cases of alleged denial of federal rights, as specified in the statute, can be reviewed in this court only upon writ of certiorari.

An examination of the record in the case and the opinion of the Supreme Judicial Court, shows that neither the validity of the statute, nor the validity of any authority exercised under the State was drawn in question. The case was decided on the view which the Supreme Judicial Court entertained of the character of the property involved, and neither in the record nor in the opinion of the court does it appear that any question was raised or decided which involved the validity of the statute of the State, or of an authority exercised under the State, on the ground of their repugnancy to the Constitution, treaties, or laws of the United States. It follows that the only right of review in this court of the decree of the Supreme Judicial Court of Massachusetts was by writ of certiorari. It is only necessary to refer to our decisions construing the amendment of September 6, 1916. *Philadelphia & Reading Coal & Iron Co.* v. *Gilbert*, 245 U. S. 162; *Ireland* v. *Woods*, 246 U. S. 323; *Stadelman* v. *Miner*, 246 U. S. 544; *Northern Pacific Ry. Co.* v. *Solum*, 247 U. S. 477, 481.

The writ of error must be dismissed for want of jurisdiction.

*Dismissed*