# NEW ORLEANS LAND COMPANY v. LEADER REALTY COMPANY, LTD.

## APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 152.   Argued January 18, 1921.—Decided February 28, 1921.

In a suit against New Orleans, where jurisdiction rested on diverse citizenship, the District Court, through a receiver, sold certain land to satisfy a money judgment previously recovered by the plaintiff against the city on certain drainage warrants, the sale being decreed upon the ground that under acts of Louisiana the city held the land in trust to secure such warrants. *Held*, that the proceeding was not *in rem*, passed only such title as the city had, and afforded no basis for ancillary jurisdiction of a suit in the same court to protect the title sold against a later judgment of the state courts which adjudged it inferior to another title, derived by independent grant from the State, whose holder and its predecessors were not parties to the receivership proceedings.

Affirmed.

THIS was a direct appeal from a decree of the District Court, Eastern District of Louisiana, dismissing for want of jurisdiction a bill to restrain enforcement of a judgment of the Supreme Court of the State. In addition to the decisions cited in the opinion, see *Peake* v. *New Orleans* (1889), 38 Fed. Rep. 779; *S. C.,* 139 U. S. 342; *New Orleans* v. *Peake* (C. C. A. 1892), 52 Fed. Rep. 74, the latter being in the case in which the receiver's sale occurred. The case is stated in the opinion.

Mr. *Charles Louque,* with whom Mr. *W. O. Hart* was on the brief, for appellant.

Mr. *William Winans Wall* and Mr. *Gustave Lemle,* for appellee, submitted. Mr. *Johnston Armstrong* was also on the brief.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

Having recovered a judgment upon certain drainage warrants issued under Act No. 30, 1871, James W. Peake of New York instituted a second suit in the United States Circuit Court, Eastern District of Louisiana—May 30, 1891—against New Orleans, seeking sale of land which that city held as trustee to secure all such warrants. See *Peake* v. *New Orleans* (1891), 139 U. S. 342. Neither the appellee nor any of its predecessors in interest was party to the proceeding. By direction of the court a duly appointed Receiver sold the land—January 15, 1892— to Dr. Gaudet, who shortly thereafter transferred it to appellant, a Louisiana corporation, which took immediate possession.

Setting up superior title to some of the land under patent from the State issued June 3, 1874, appellee, also a Louisiana corporation, brought suit against appellant in the state court, December 8, 1909, and obtained a favorable judgment, afterwards affirmed by the Supreme Court. *Leader Realty Co.* v. *New Orleans Land Co.*, 142 Louisiana, 169. Thereupon, appellant began this proceeding to restrain enforcement of the judgment of the state court, or interference with its possession, and alleged that the District Court's jurisdiction was invoked solely in aid of the decree for sale in *Peake* v. *New Orleans*: No diversity of citizenship existed, and deeming the bill not ancillary but original the court below dismissed it for want of jurisdiction.

"The rule is well settled that a sale of real estate under judicial proceedings concludes no one who is not in some form a party to such proceedings." *Pittsburgh &c. Ry. Co.* v. *Long Island Loan & Trust Co.*, 172 U. S. 493, 515. Clearly, *Peake* v. *New Orleans* (1891) was not a proceeding *in rem* to which all persons having an interest in the land

were deemed parties with the right to intervene. Its only purpose was to secure sale and transfer of such right and title as the city held. Rights of third parties were not subject to adjudication therein. High on Receivers, 4th ed., § 199a. The subsequent action by the state court did not interfere with anything done by the federal court—*Dupasseur* v. *Rochereau,* 21 Wall. 130, 136, 137—and the relief now sought by appellant is not necessary to protect or render effectual any former decree. *Julian* v. *Central Trust Co.,* 193 U. S. 93, and similar cases are not pertinent. Their purpose was to protect or enforce some right theretofore duly adjudicated while here the defendant's claim in no way conflicts with any right arising under the former adjudication, and nothing is required in order to render that effectual.

The decree below is

*Affirmed.*