NEW ORLEANS LAND COMPANY *v.* BROTT ET AL.

BROTT ET AL. *v.* NEW ORLEANS LAND COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

Nos. 64 and 86. Argued October 10, 11, 1923.—Decided November 12, 1923.

1. The act of state officials in issuing a patent, under a state statute empowering them generally to convey such land as passed to the State under a federal swamp land act, is not the exercise of an " authority " under the State, within the meaning of that term in the statute governing writs of error from this Court (September 6, 1916, § 2, 39 Stat. 726,) if the specific lands in the patent, by reason of a prior Spanish grant and a treaty and laws of the United States, were not included in the swamp land grant. P. 98.
2. The claim that a decision of a state court erred in sustaining a Spanish grant over the objections that it was not valid originally and was not confirmed as required by act of Congress,—*held,* not ground for a writ of error under the Act of September 6, 1916, *supra.* P. 99.

Writs of error to review 151 La. 134, dismissed.

CROSS writs of error to a judgment of the Supreme Court of Louisiana in a petitory action for land.

*Mr. Charles Louque* for New Orleans Land Company.

*Mr. William Winans Wall,* with whom *Mr. Charles Schneidau* was on the brief, for Brott et al.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a petitory action for land in New Orleans brought by the Brotts against the New Orleans Land Company. Judgment was given for the Brotts except as to one parcel which was adjudged to belong to the defendant. The defendant brings a writ of error and the Brotts a cross writ. The ground of the judgment was that the State acquired title to the land under the Swamp Land Act of March 2, 1849, c. 87; 9 Stat. 352, and conveyed it to the plaintiffs' predecessors, except that the parcel awarded to the defendant was held to have been excluded from the Swamp Land grant to the State because before the territory was transferred by France to the United States it had been conveyed to private persons by a complete grant.

The New Orleans Land Company contends that at the time of the Swamp Land Act all the land in controversy was in private hands and therefore did not pass to the State; the statute providing that the Secretary of the Treasury shall approve the list of swamp lands directed to be made out " so far as they are not claimed or held by individuals," and the list having been approved " subject to any valid legal rights." It asks this Court to take jurisdiction on the ground that there is drawn in question the validity of an authority exercised under a state law, that is, the issue of the patent, on the ground that it was repugnant to the Treaty of 1803 with France, 8 Stat. 202, and the laws of the United States, and that the decision upheld the validity of the state patent. It also sets up a prior purchase under a decree of the Circuit Court of the United States, but that contention is disposed of by *New Orleans Land Co.* v. *Leader Realty Co.,* 255 U. S. 266. The Brotts rely upon alleged errors as to the grants before the treaty and in recognizing a title under them, even if it existed, when the alleged owner had not had it confirmed as required by the Act of March 2, 1805, c. 26, § 4; 2 Stat. 324, 326, and later acts.

The defendant, the Land Company, to make out its case would have to maintain that notwithstanding the unquestionable validity of the Acts of 1805 and later, requiring outstanding titles to be established or registered after Louisiana was acquired by the United States, *Botiller* v. *Dominguez,* 130 U. S. 238, and notwithstanding the failure of its predecessor in title to comply with the requirement, the land did not pass to the State under the Swamp Land grant if at that time there was any outstanding claim even though the claim turned out to be void. Whatever may be thought of the proposition we cannot deal with it now. No statute of Louisiana has been called to our attention that purports to identify and authorize a conveyance of these particular lands. See La. Stats., March 14, 1855, No. 247; March 16, 1870, No. 38; May 31, 1871, No. 104; Rev. Stats. 1870, § 2920. The validity of no statute has been called in question. The conveyances under which the Brotts claim were authorized by state law only if the lands concerned were part of the Swamp Land grant to Louisiana. The general authority to convey such lands is not attacked, but only the specific patent. If by any chance or hiatus the present lands were not embraced the officials who undertook to convey them were not exercising an authority under the State within the rather narrow meaning that necessarily has been given to the phrase in the statute authorizing writs of error. *United States* v. *Lynch,* 137 U. S. 280. *Cook County* v. *Calumet & Chicago Canal & Dock Co.,* 138 U. S. 635. *French* v. *Taylor,* 199 U. S. 274, 277. See *Champion Lumber Co.* v. *Fisher,* 227 U. S. 445, 451. *Dana* v. *Dana,* 250 U. S. 220. Act of September 6, 1916, c. 448, § 2; 39 Stat. 726. It follows that the New Orleans Land Company's writ of error must be dismissed.

The cross writ taken out by the Brotts also must be dismissed. There very well may have been ground for a writ of certiorari but there is no suggestion that would

warrant a writ of error under the amendment of § 237 of the Judicial Code by the Act of September 6, 1916, c. 448, just cited. The Supreme Court of the State may have unduly limited the Act of Congress of March 2, 1805, but did not dispute its binding effect.

*Writs of error dismissed.*