## In re MARYLAND COAL CO. OF WEST VIRGINIA.

### No. 3449–E.

District Court, N. D. West Virginia.

Jan. 3, 1941.

E. Bailey Wyckoff, of Grafton, W. Va., for Gordon E. Bailey.

Francis L. Warder and Jed W. Robinson, both of Grafton, W. Va., for Herbert Evans.

BAKER, District Judge.

### Findings of Fact.

Maryland Coal Company of West Virginia was adjudged bankrupt on the 15th day of May, 1940, and thereafter certain proceedings were taken in the regular course of the administration of the estate of the bankrupt, and by order entered on the 12th day of July, 1940, the bankrupt's real estate and mining plant and equipment were directed to be sold by the trustee free of liens, and by such order all liens were transferred to the proceeds arising from the sale; under said order and a subsequent order entered on the 16th day of September, 1940, the trustee was authorized to accept an offer made to him by Gordon E. Bailey to buy said real estate and mining plant and equipment, free of liens and incumbrances, at private sale for the sum of $37,500, of which one-third was to be paid in cash and the residue in equal installments to be paid on or before one and two years. Said trustee accepted said offer and consummated the sale to Gordon E. Bailey, and accordingly reported such sale to the bankruptcy court, and by order entered in the proceeding on the 19th day of September, 1940, said sale was confirmed.

The costs thus far allowed and paid in the bankruptcy proceeding and the prior reorganization proceeding amount to $33,-212.69, and other claims for costs in the amount of about $500 are pending.

Claims for wages having priority over taxes have been filed in the total amount of $6,855.19.

Tax claims have been filed by the United States Government and by the State of West Virginia and the Sheriff of Taylor County in the total amount of $42,321.22. Notice was given in the bankruptcy proceeding to the Sheriff of Taylor County, along with all other lienors, of the hearing of the trustee's petition to sell said property free of liens and incumbrances. On the 4th day of December, 1940, Herbert Evans, Sheriff of Taylor County, filed before the Referee a claim in the amount of $12,645.37 for taxes assessed against the

property sold in this proceeding to Gordon E. Bailey for the years 1939 and 1940. The said Sheriff of Taylor County advertised for sale for delinquent taxes for the year 1939 the aforesaid real estate sold in the bankruptcy proceeding to Gordon E. Bailey, and thereupon the said Gordon E. Bailey made application to this Court for an order restraining the making of said sale and such restraining order was accordingly issued.

Gordon E. Bailey, petitioner in this matter, claims that his purchase of said real estate free of liens and incumbrances released such property from liability for all taxes owing at the date of his purchase, and that all tax claimants must look to the proceeds of sale for payment.

The said Sheriff has appeared specially to the application for the injunction and has moved to dismiss the petition on the ground that this court is without jurisdiction.

### Conclusions of Law.

By the United States Constitution Congress has power to establish uniform laws on the subject of bankruptcies throughout the United States, and it is well recognized that the Federal Courts have exclusive jurisdiction in bankruptcy matters. Article 1, Section 8, clause 4, United States Constitution. Congress has provided that the jurisdiction vested in the courts of the United States shall be exclusive of the courts of the several states in all matters and proceedings in bankruptcy. 28 U.S.C.A. § 371, Paragraph 6.

The Sheriff and Treasurer of Taylor County has taken the position that this proceeding does not arise in bankruptcy, and that the Federal court therefore has no jurisdiction of the matter. To ascertain the extent of the jurisdiction of the Federal court in matters arising out of bankruptcy, the bankruptcy statutes must be examined. The bankruptcy law makes it the duty of a governmental agency to prove and file its claims in the manner provided by the bankruptcy statutes.

"Except as otherwise provided in this title, all claims provable under this title, including all claims of the United States and of any State or subdivision thereof, shall be proved and filed in the manner provided in this section." 11 U.S.C.A. § 93, sub. n.

It thus becomes the duty of the Sheriff of Taylor County to prove and file his tax claim in the bankruptcy proceeding. Can he observe the mandate of the bankruptcy law in that regard and submit himself to the jurisdiction of the court by filing his claim, as has been done, and at the same time seek to establish the legality of his tax claim and establish it as a preference by making sale of the property purchased by Gordon E. Bailey, free and acquit of liens and incumbrances for delinquent taxes thereon for the year 1939? I think not.

The bankruptcy law provides for the payment of taxes in their proper order, all tax claims sharing equally, and further provides that all questions arising as to the amount or legality of any taxes shall be determined by the court.

"Taxes legally due and owing by the bankrupt to the United States or any State or any subdivision thereof: Provided, That no order shall be made for the payment of a tax assessed against any property of the bankrupt in excess of the value of the interest of the bankrupt estate therein as determined by the court: And provided further, That, in case any question arises as to the amount or legality of any taxes, such question shall be heard and determined by the court." 11 U.S.C.A. § 104, sub. a (4).

It would be futile for the court to sell property free of liens and incumbrances and transfer the liens to proceeds of sale, if lienors could thereafter pursue the property itself in an effort to subject it to sale in satisfaction of a lien or liens. The purchaser of such property has a right to look to the court to carry out its order and obligation to transfer the property free from interference by those lienors of whom the court had jurisdiction and of whose liens the property was sold free.

Bankruptcy courts are (by statute) invested with such jurisdiction in law and in equity as will enable them to exercise original jurisdiction to "Make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this title: Provided, however, That an injunction to restrain a court may be issued by the judge only." 11 U.S.C.A. § 11, sub. a (15).

The purchaser has no adequate remedy at law, and if the bankruptcy court does

not exercise jurisdiction to enjoin the sale of the real estate by the sheriff, the purchaser would have the right to look to the bankruptcy estate for reimbursement of loss, and thereby the bankruptcy estate would be so diverted as to result in a preference of state taxes, in violation of Section 104, sub. a (4) of Title 11 of U.S. C.A., and, furthermore, the wage earners to whom the money in the hands of the trustee should properly go would be deprived of payment of their labor liens, and taxes would thereby obtain a priority over wages in direct violation of the section of the bankruptcy act last mentioned which fixes the priority of claims, in part, as (1) costs, (2) wages, (3) certain other costs, and (4) taxes owing to the United States or any State or any subdivision thereof.

■ The bankruptcy court has sole and exclusive jurisdiction of the payment of provable claims against a bankruptcy estate, and, likewise, has exclusive jurisdiction in all matters concerning the amount and validity of taxes.

■ "The power to issue an injunction when necessary to prevent the defeat or impairment of its jurisdiction is * * * inherent in a court of bankruptcy, as it is in a duly established court of equity.

\* \* \* \* \*

"Moreover, by section 2 (15) of the Bankruptcy Act * * *, courts of bankruptcy are invested with such authority in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, including the power to 'make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this act.'" Continental Illinois National Bank, etc., v. Chicago, Rock Island & Pacific Railway Co., 294 U.S. 648, 55 S.Ct. 595, 606, 79 L.Ed. 1110.

■ A Federal court which has jurisdiction to make sale of real estate may, by an ancillary proceeding, restrain any attack on the title of the purchaser under decree of the Federal court by a suit or proceeding in a state court brought by a party to the original suit.

"A Federal court which has decreed a foreclosure in a suit in which diverse citizenship was alleged and admitted, and the property was described as lying partly in the state, may, by an ancillary suit, restrain any attack on the title of the purchaser under the decree by a suit in a state court, brought by a party to the original suit, which proceeds on the theory that, by reason of his own untruthful admission of citizenship, the Federal court assumed a jurisdiction which in fact it did not have." Riverdale Cotton Mills v. Alabama & Georgia Manufacturing Co., 198 U.S. 188, 25 S.Ct. 629, 49 L.Ed. 1008.

■ It is urged by the movant that by reason of the confirmation of sale to the purchaser, the Federal court is now without jurisdiction to entertain his petition. Proceedings in a state court for the enforcement and collection of liens or causes of action arising subsequent to the confirmation of sale may be enjoined.

"The prohibition against enjoining proceedings in the state courts made by U.S. Rev.Stat. § 720 (U.S.Comp.Stat.1901, p. 581 [28 U.S.C.A. § 379]), does not preclude a Federal court which has decreed a sale in foreclosure proceedings from entertaining a supplemental bill filed in the original suit by the purchaser under the decree of sale to enjoin a sale of the property conveyed by such decree for the satisfaction of judgments rendered by the State courts in suits against the mortgagor to which the purchaser was not a party, on causes of action arising subsequent to the confirmation of sale, where the decrees of sale and confirmation evince the purpose of the Federal court to retain jurisdiction so far as necessary to determine all liens and demands to be paid by the purchaser, as a condition of security in the title decreed to be conveyed." David R. Julian, Sheriff, v. Central Trust Company, 193 U.S. 93, 24 S.Ct. 399, 48 L.Ed. 629 (Syl. 4).

With respect to the jurisdiction of the Federal court in proceedings which are ancillary to the original proceeding, it has been held that

"Federal court of equity has jurisdiction of bill ancillary to original proceeding at law or in equity in same court, to secure or preserve fruits of judgment or decree rendered therein, regardless of whether court would have jurisdiction if ancillary proceeding were an original one, and such principle applies to proceedings in bankruptcy. * * *

"Bankruptcy court held authorized to entertain ancillary proceeding by dis-

charged bankrupt to enjoin enforcement, in state court, of his assignment of future wages in respect of wages earned after adjudication, and bankruptcy court could determine effect of adjudication and order and enjoin threatened interference therewith." Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195.

Where the Federal court has by its decree removed a cloud from title and declared the title to be in the complainant's predecessor in interest, from whom the complainant had derived his title, the Federal court has jurisdiction of an ancillary proceeding to carry into effect its own previous decree, without reference to citizenship or residence of the parties.

"A federal court has jurisdiction, without regard to the citizenship of the parties, of a supplemental and ancillary bill to carry into effect its own previous decree removing a cloud from title, and declaring the title to be vested in complainant's predecessor in interest and estate; and, although defendant is in possession, the suit will not be dismissed on the ground of an adequate remedy at law." Root v. Woolworth, 150 U.S. 401, 14 S.Ct. 136, 37 L.Ed. 1123.

The movant cites the case of New Orleans Land Company v. Leader Realty Company, 255 U.S. 266, 41 S.Ct. 259, 65 L.Ed. 621, but the case cited by him is not authority where it is necessary that the court exercise jurisdiction for the purpose of rendering effectual a former decree. It is said by the court in that case, "Where, in a suit brought for that purpose in a federal court, land was sold in satisfaction of a judgment on drainage warrants for which it was held by a trustee as security, and thereafter one claiming a superior title obtained a favorable judgment in the state court, a suit to restrain the enforcement of such judgment was not within the jurisdiction of the federal courts as ancillary to the former suit, as the action of the state court did not interfere with anything done in the federal court, and the relief sought was not necessary to protect or render effectual the former decree." New Orleans Land Co. v. Leader Realty Co., 255 U.S. 266, 41 S.Ct. 259, 65 L.Ed. 621.

Movant, Herbert Evans, as Sheriff, has cited certain cases which arose in various Circuit Courts of Appeals, as authority that a bankruptcy court will not take jurisdiction of a complaint made by a purchaser of the real estate of the bankrupt that other parties are asserting claims to the property sold to him in the bankruptcy proceeding. None of these cases were decided by the United States Supreme Court, and in the case of Local Loan Company v. Hunt, supra, the court in its opinion called attention to the fact that the petitioner in that case relied upon a number of decisions where other Federal courts sitting in bankruptcy had declined to entertain a proceeding to enjoin the prosecution of claims against a bankrupt on the ground that the effect of a discharge in bankruptcy was a matter to be determined in any court in which the charge might be pleaded. The court then proceeded to state "To the extent that these cases conflict with the view just expressed they are clearly not in harmony with the general rule in equity announced by this court."

When the Federal court has assumed jurisdiction of a proceeding it will retain jurisdiction of the cause for the determination of all matters subsequently arising and it has jurisdiction to enforce its decrees in all matters which are ancillary to the main proceeding. Continental Illinois National Bank v. Chicago, Rock Island & Pacific Railway Co., supra.

The Sheriff of Taylor County must abide the adjudication of the bankruptcy court for the following reasons:

1. Exclusive jurisdiction of the bankruptcy court.

2. He was made a party to the bankruptcy proceeding and received notices therein.

3. He has filed his claim in such proceeding and has submitted to the jurisdiction of the court.

4. All tax claims share equally.

5. The bankruptcy court has exclusive jurisdiction over all questions relating to the amount and legality of taxes.

6. Federal courts have jurisdiction to enforce and protect their decrees by injunctive relief irrespective of the amount in controversy or the citizenship of the parties to the ancillary proceeding.

Motion to dismiss complaint overruled. Motion for temporary injunction granted. Decree may go accordingly.