### MOSS v. GOODHART.

(District Court, D. Montana. November 14, 1913.)

1. BANKS AND BANKING (§ 287*)—NATIONAL BANKS—RECEIVERS—IMPROVIDENT ACTS—STOCKHOLDERS—RIGHT TO SUE.

Where a receiver of a national bank, 90 per cent. of the stock of which was owned by plaintiff, wrongfully, willfully, and negligently sold assets of the bank for less than 50 per cent. of their value, a right of action against such receiver was in the bank, and could not be enforced by plaintiff without alleging a demand on the receiver's successor, the Comptroller, and the bank in turn, and the refusal of each to institute suit.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1089–1104, 1126, 1127; Dec. Dig. § 287.*]

2. BANKS AND BANKING (§ 285*)—NATIONAL BANKS—INSOLVENCY—APPOINTMENT OF RECEIVER—AUTHORITY TO SUE AND BE SUED.

A national bank continues to exist and has capacity to sue and be sued, notwithstanding the appointment of a receiver of its assets by the Comptroller of the Currency.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 1088; Dec. Dig. § 285.*]

3. BANKS AND BANKING (§ 287*)—NATIONAL BANKS—INSOLVENCY—RECEIVERS—MISCONDUCT—ACTIONS—PARTIES.

Where a receiver of a national bank willfully sold certain of its assets for less than 50 per cent. of their value, and the receiver's successor, the Comptroller, and the bank successively and in turn refused to bring suit to set aside the sale or for an accounting, the receiver's successor should be made a party defendant to a suit by a stockholder to obtain such relief, that the bank might be bound by the result of the litigation.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1089–1104, 1126, 1127; Dec. Dig. § 287.*]

In Equity. Suit by P. B. Moss against Richard W. Goodhart. On motion to dismiss for want of facts. Granted.

Goddard & Clark, of Billings, Mont., for plaintiff.
Johnston & Coleman, of Billings, Mont., for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·

BOURQUIN, District Judge. A national bank, of which plaintiff owns 90 per cent. of the stock, was closed by the Comptroller of the Currency, who appointed defendant receiver thereof. A second successor of defendant is yet administering the bank's affairs. This action was commenced in a state court, appealed to the state Supreme Court, by it remanded, and it was then removed hither. See 131 Pac. 1071.

[1] Plaintiff sues "on behalf of himself as well as of all stockholders" and "in the interests of all of the creditors." The allegations are that defendant as such receiver wrongfully, willfully, and neglectfully sold certain assets of the bank for less than 50 per cent. of their value; that plaintiff made demand upon defendant's immediate successor to bring suit against defendant to set aside the sale "or for an accounting to the said trust for the value thereof," which demand was refused, and that the Comptroller has levied an assessment of 100 per cent. upon plaintiff's stock. The prayer is that the sale be declared void, that defendant be required to pay to the present receiver, appointed after suit commenced, the amount of the loss from said sale, and for general relief.

Defendant moves to dismiss, for that the facts alleged are insufficient to constitute a cause of action in equity, in that no demand is alleged upon the bank, the Comptroller, and the present receiver. Plaintiff contends that by reason of owning 90 per cent. of the bank's stock and the assessment thereon he is directly injured by defendant's conduct, has an individual right of action therefor, and that in any event the demand alleged is sufficient. The court is of the opinion that the motion to dismiss should be granted. The property involved was the bank's. The alleged wrong by defendant was against the bank. The cause of action therefrom arising is the bank's. The recovery thereon will be the bank's.

Every trespass upon corporate property is a direct injury to the corporation and merely an incidental injury to stockholders. The right of action to which it gives rise is the corporation's. For their incidental injury stockholders have no right of action. Their only redress is the incidental benefit they may receive from the corporation's exercise of its right of action. Though plaintiff in this case owns nearly all the stock of the association, legal relations are not changed thereby, and the rule is the same. His equitable interest in the property involved is greater in quantity, but the same in quality, as that of the owner of a single share. If the assessment levied upon his stock is wholly due to the trespass, it is but part of his incidental injury. He has no individual cause of action. It is apparent the complaint is on the theory of a stockholder's suit in the right of the corporation. A prerequisite to a stockholder's suit in equity to redress corporate wrongs is a demand upon those then in control, management, and administration of the corporate affairs to bring suit, and their unreasonable refusal. This demand takes the form of earnest and honest efforts in good faith to secure action by those aforesaid whose duty is action. The stockholder must exhaust all means within reach to that end.

The reasons are obvious. A stockholder cannot interfere with this control, management, and administration, nor with the management's possession of the corporate assets, nor with its right to its own discretion, judgment, and procedure therein, and substitute his judgment for the management's, save in extreme necessity and as a last resort to preserve corporate property from willful or neglectful loss or injury. Then only can a stockholder intrude and assume such measure of the duty aforesaid as is necessary to maintain a stockholder's suit for the corporation's benefit. If the corporation is a going concern, these efforts must extend to the directors, and also, in case of failure with them, to the body of the stockholders, who may exercise influence upon the directors—change the personnel of the board, if necessary. Corbus v. Mining Co., 187 U. S. 461, 23 Sup. Ct. 157, 47 L. Ed. 256.

If the corporation is in the hands of a receiver appointed by a court, the demand must be made upon the receiver; and it has been held that, failing there, the court should be requested to compel him to bring an action. Swope v. Villard (C. C.) 61 Fed. 419. The same end is generally attained, however, by the stockholder petitioning the court for leave to sue upon the corporation's cause of action and in its behalf, making the receiver a party defendant; the court having discretion to grant, or to refuse, and to direct the receiver to bring the action.

In the matter of a national banking association in charge of the Comptroller for liquidation, it is believed that, before a stockholder's suit can be maintained, demand as aforesaid must have been made upon the receiver, the Comptroller, and the association in turn. Ex parte Chetwood, 165 U. S. 456, 17 Sup. Ct. 385, 41 L. Ed. 782, seems to indicate that such demand is necessary. Then and then only all means within the stockholder's reach to procure action by those having capacity to sue or to compel suit have been exhausted. The Comptroller is in the management and administration of the bank's affairs, mainly through his receiver, his instrument, whom he appoints, directs, and controls.

[2] The receiver ordinarily can act without special instructions, but in some contingencies must have express authority from the Comptroller to bring suit. See Rev. St. U. S. § 5234 et seq. (U. S. Comp. St. 1901, p. 3507); Kennedy v. Gibson, 8 Wall. 498, 19 L. Ed. 476. The association continues to exist, and yet has capacity to sue and be sued. Bank v. Deposit Co., 161 U. S. 7, 16 Sup. Ct. 439, 40 L. Ed. 595.

[3] This does not mean that at any time the bank can interfere with the Comptroller's and receiver's possession of the assets and their management and administration—in other words, bring suit on its causes of action—but means only that if the receiver unreasonably refuses to bring such action, and if the Comptroller likewise refuses to compel the receiver to sue, the association may treat their refusal as an abandonment of the cause to it, and yet having both capacity to sue and title to its causes of action, may sue thereon. If it does or will do so, there is no necessity for a stockholder to resort to a suit in equity in behalf of the association for the protection of his equitable

interest in the cause of action, the corporate property, and so he has no power to do so. If the association likewise refuses, and cannot be compelled to bring the action, a stockholder may have his action, making the receiver a party defendant, so that, if the suit fails, the receiver and through him the association will be bound by the decree and disabled from renewing the litigation. It would seem that the impropriety of a stockholder's suit under any other circumstances is obvious.

In the instant case there appears no reason why the complainant, owning 90 per cent. of the association's stock and so controlling the association, could not, if necessary, have procured it to bring the action. And the action would have proceeded at law, before a jury, more appropriate than this suit in equity.

The damages should be determined by the verdict of a jury. The necessary demand not having been made, plaintiff cannot maintain the suit, and the motion to dismiss is granted.