## WALES v. JACOBS.
### No. 7856.

Circuit Court of Appeals, Sixth Circuit.
June 6, 1939.

Arthur Miller and Lloyd Schwenger, both of Cleveland, Ohio (Miller, Daus & Schwenger and Arthur A. Miller, all of Cleveland, Ohio, and Merle D. Evans, of Massillon, Ohio, on the brief), for appellant.

William H. Bemis, of Cleveland, Ohio (Lockwood Thompson, of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

SIMONS, Circuit Judge.

The appellant as a stockholder and depositor of the First National Bank of Massillon, Ohio, sought to enforce on his own behalf and on behalf of other stockholders and depositors a contract alleged to have been made by the defendant with the bank. It appearing that the value of the appellant's stock combined with his deposit was not in excess of $3,000, the jurisdictional amount, the court dismissed the bill for want of Federal jurisdiction.

The appellant asserts the decision to be erroneous because the amount sought from the defendant in the alternative by way of damages would constitute a trust fund for depositors and stockholders, and that this amount and not the separable interest of each creditor therein determines jurisdiction; that in any event the suit is one for winding up the affairs of a national bank, and so is within the jurisdiction specifically conferred upon the District Court by § 24 (16) of the Judicial Code, 28 U.S.C.A. § 41 (16), and that the court should have permitted a proposed amendment to the bill to cure the infirmities of its jurisdictional allegations.

The bill avers that the First National Bank, now being liquidated by a qualified receiver, was in the fall of 1932 in a critical condition, and that at that time the defendant, who owned a large number of its shares of stock and was in control of other shares belonging to members of his family, proposed to the officers and directors of the bank that if he were given complete charge and control of its affairs and the right to install his personal repre-

sentative as its manager, the directors exercising merely nominal powers and ratifying all of the acts of the management, the defendant would not under any condition permit the bank to fail, and would upon demand furnish fresh capital adequate to assure the payment of its depositors in full. The bill avers that the officers and directors of the bank accepted the proposal, permitted the defendant's representative Campbell to assume full charge and sole management of the bank; that the defendant announced to the public generally, and to the stockholders and depositors, that their claims would be paid in full upon demand, as a result of which confidence in the bank was restored, new deposits attracted, and old deposits maintained; that the officers and directors of the bank wholly performed all of the terms and conditions of the agreement.

The bill further avers that the bank was closed upon March 5, 1933, in pursuance of the Presidential proclamation of that date, but that by reason of the failure of the defendant to perform his agreement it was not thereafter permitted to reopen, and that a conservator was appointed for it by the acting Comptroller of the Currency.

There follow in the bill allegations sounding in tort of a scheme by the defendant to possess himself of all of the assets of the bank, to cause such assets to be sold to a newly organized bank, of which he was principal stockholder, and to cause the bank building to be sold for the amount of the mortgage thereon, all to the pecuniary profit of the defendant. The bill states that it is still possible and practicable for the defendant to make adequate and effective arrangements to assure to the depositors of the bank their claims in full, and since the appellant and other stockholders and depositors have no adequate remedy at law, a decree is prayed directing the defendant to perform his agreement upon such terms as the court may direct, or in the alternative to answer in damages and to account for profits made by him as a consequence of his breach of contract and the tortious acts alleged.

It is difficult to apprehend the theory upon which the suit was planted and the bill framed. Neither the bank nor its receiver are made parties, there is no allegation of injury either to the bank or to the appellant and other depositors or stockholders as a result of the breach of the alleged agreement or the misconduct complained of, nor is it recited what arrangements were to have been made to assure depositors of the payment of their claims in full. Insofar as the alleged agreement includes a promise to subscribe to additional stock of the bank, there is no recital in the bill as to the amount of stock to be subscribed, nor of compliance by the bank with the provisions of the Banking Act, §§ 57 and 58, T. 12 U.S.C.A., by which the authorized capital of the bank may be increased, nor of any application to or approval by the Comptroller of any increase.

■ Assuming that equity would take cognizance of a bill for specific performance of a contract so vague and uncertain in its terms as that here alleged, and that considerations of public policy would permit enforcement on behalf of the bank of a contract by which its officers and directors unlawfully agreed to abdicate and to delegate their non-delegable duties and responsibilities to the defendant, the appellant is but an incidental beneficiary of the alleged contract, the benefits of which would in the first instance pass to the bank. The right to recover either upon the contract or in tort belongs to the bank, and upon its insolvency to the receiver. The only interest the appellant has in the enforcement by the bank of its remedies, if any, against the defendant is to have his deposit paid and to be freed from liability for stock assessment, and the aggregate of both is less than the amount which permits a Federal court to take jurisdiction of the controversy. The case is not of that class where the amount in controversy is measured by the value of the property involved in the litigation, or those in which several plaintiffs having a common undivided interest unite to enforce their rights. Lion Bonding Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871. There is here no situation as in Troy Bank v. G. A. Whitehead & Co., 222 U.S. 39, 41, 32 S.Ct. 9, 56 L.Ed. 81, wherein the interests of several creditors secured by a single lien were permitted to be aggregated to confer jurisdiction. The fact that the appellant sues on behalf of others similarly situated does not help him. Title Guaranty Co. v. Allen, 240 U.S. 136, 36 S.Ct. 345, 60 L.Ed. 566; Eberhard v. Northwestern Mutual Life Insurance Co., 6 Cir., 241 F. 353. The contention that recovery would result in a trust fund for

the benefit of all depositors and stockholders does not lead to a contrary conclusion. Setting aside the fact that the bill seeks no provision for the creation, management or distribution of such fund, and the receiver is not a party, the case in nowise differs from others in which separable claims were not permitted to be aggregated to confer jurisdiction. Corporation assets constitute in every instance a trust fund for the payment of debts, and as was said in the Lion Bonding Company case, supra [262 U.S. 77, 43 S.Ct. 483], "The amount of the corporation's assets, either within or without the state, is of no legal significance in this connection."

Nor may the present bill be entertained as a stockholder's derivative suit, founded on rights which might properly be asserted by the bank. There has been no effort to comply with Rule 27 of the Equity Rules, 28 U.S.C.A. following section 723. There is no allegation that the appellant was a shareholder at the time of the transaction of which he complains, nor does the bill set forth with particularity or otherwise efforts to secure action by the bank, its directors, its shareholders or receiver, or the causes of failure to obtain such action or reasons for not making such effort, and the suit is brought neither in the name of the bank nor its receiver. Suits by shareholders have been maintained where it was made clear by the bill that complete control of the corporation was in adversary stockholders, or in receivers whose personal interests disqualified them as plaintiffs. This is not such case. There is no allegation that the receiver appointed by the Comptroller was in any way disqualified from enforcing rights the corporation may have had under the alleged agreement or because of unlawful acts of the defendant.

Nor does the case come within the Federal jurisdiction by reason of the statute extending such jurisdiction to cases for winding up the affairs of a national bank. The liquidation of the bank was in the hands of a receiver properly appointed and qualified. His jurisdiction and that of his agents was complete and exclusive. T. 12 U.S.C.A. §§ 191, 197. Where no receiver is in charge a liquidating committee or a single liquidating shareholder, though not officers of the United States within the meaning of § 41(1), 28 U.S.C.A., may bring proceedings in the Federal court for recovery of assets under the grant of jurisdiction made by sub-section 16 of the statute. Lawrence National Bank v. Rice, 10 Cir., 83 F.2d 642. This is because they are agents of the bank for that purpose. The appellant is a mere volunteer or interloper. He in no wise represents the bank or its receiver. Without demand, first on the receiver and then on the association, and the refusal of both, a stockholder may not assume the position of the receiver or the association and act independently of the one or the other. Davis Trust Co. v. Hardee, 66 App.D.C. 168, 85 F.2d 571, 574, 107 A.L.R. 1425; In re Chetwood, 165 U.S. 443, 17 S.Ct. 385, 41 L.Ed. 782; Moss v. Goodhart, D. C., 209 F. 102. The present bill fails to aver demand of any kind on the receiver, on the Comptroller or on the bank, and no wrongdoing or negligence is alleged against any of them which would avoid the necessity of demand. Davis Trust Co. v. Hardee, supra; O'Conner v. Rhodes, 65 App.D.C. 21, 79 F.2d 146.

There was no abuse of discretion in refusing to permit the appellant to amend his bill. He sought to show a demand on the receiver, but that was not enough to confer jurisdiction. Moss v. Goodhart, supra; Davis Trust Co. v. Hardee, supra.

The decree below is affirmed.