A. B. STUTTS, Appellant,

v.

H. Vann WALDROP, Trustee in Bankruptcy for the Woodcraft Corporation, Bankrupt, Appellee.

No. 23458.

United States Court of Appeals
Fifth Circuit.

May 11, 1967.

Robert P. Upchurch, Livingston, Ala., deQuincy V. Sutton, Meridian, Miss., for appellant.

Clement, Rosen, Hubbard & Waldrop, H. Vann Waldrop, Tuscaloosa, Ala., for appellee.

Before RIVES, COLEMAN and GODBOLD, Circuit Judges.

PER CURIAM.

Woodcraft Corporation has been involuntarily adjudicated bankrupt. Appellant, an officer, stockholder and director of the bankrupt, filed a petition in the bankruptcy proceedings alleging Gulf States Paper Corporation, the controlling stockholder of Woodcraft, has failed to keep commitments to obtain financing for it, has dominated and mismanaged it, and has guaranteed accounts of various creditors of Woodcraft who were claimants against the bankrupt estate. The petition sought to have the claims of such creditors declared to be the sole obligation of Gulf States and its agents,

and prayed for judgment of the bankrupt against Gulf States for $300,000 and judgment for appellant for $30,000 plus costs and expenses.[1] Throughout the proceedings, the petition also has been treated as one to have the court order the trustee in bankruptcy to bring suit to enforce the alleged claims of Woodcraft against Gulf States.

Gulf States filed a motion to dismiss disputing jurisdiction of the bankruptcy court and alleging the petition stated no grounds on which relief could be granted. The Referees took testimony, then entered an order finding appellant had produced no evidence to support his petition and dismissed it. The District Court denied a petition for review and affirmed the dismissal.

Rights of action arising upon the contracts or property of the bankrupt pass to the trustee, and he is responsible for asserting them in the proper tribunal when necessary for collection and preservation of the estate. He is not required to burden the estate with costs and expenses of litigating a matter where there is no probable cause for believing a right of action exists. 6 Collier, Bankruptcy, pp. 1744, 1746. Nor does the fact that the trustee works under supervision of the court confer on the court authority to determine the merits of controversies between the trustee and third parties which are in the jurisdiction of another forum. Palmer v. Travelers Ins. Co., 319 F.2d 296 (5th Cir., 1963).

At this point in the proceedings there has been no consideration by the bankruptcy court of the merits of any claims of the trustee against Gulf States or of the obligation, if any, of Gulf States to pay creditors of Woodcraft, nor has the Court considered whether it has jurisdiction of any such issues, for as yet the trustee has asserted none of them. Nor does the case as brought to us serve as a final determination whether the trustee should or not take action to assert them. All that has been decided

is that at this point in the proceedings, and on the evidence presented to them by this appellant, the Referees did not err in declining to order the trustee to proceed against Gulf States.

With this explanation, we affirm.

---

1. Another aspect of the petition was reserved for hearing at another time and is not here involved.