**John A. KEMPER, Jr., Plaintiff,**

v.

**AMERICAN BROADCASTING COMPANIES, INC., Defendant.**

**Civ. No. 4106.**

United States District Court,
S. D. Ohio, W. D.

Sept. 27, 1973.

---

See also, D.C., 365 F.Supp. 1275.

Horace W. Baggott, Jr., Dayton, Ohio, for plaintiff.

P. Eugene Smith, Dayton, Ohio, for defendant.

## OPINION

CARL B. RUBIN, District Judge.

This matter is before the Court on defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Both sides have supplemented their pleadings with memoranda of law, and the defendant has submitted additional affidavits and exhibits.

Plaintiff John A. Kemper, shareholder in Kittyhawk Television Corporation, has instituted this stockholder's derivative suit for redress of injuries allegedly caused by defendant American Broadcasting Companies, Inc. when they cancelled their television affiliation with Kittyhawk and refused to let Kittyhawk submit further affiliation proposals. Plaintiff claims that ABC, through its agents, induced the alleged wrongdoing which led to ABC's decision to disaffiliate. Plaintiff further claims that the disaffiliation and refusal to accept future proposals caused Kittyhawk's bankruptcy and made its stock virtually worthless. Kittyhawk Television Corporation is currently in bankruptcy proceedings in the United States District Court for the Southern District of Ohio and Robert Corwin has been appointed trustee.

This Court finds it unnecessary to inquire more deeply into the factual allegations in issue because this action may not be presently maintained by John A. Kemper, Jr. as a Kittyhawk shareholder. Rule 23.1 of the Federal

Rules of Civil Procedure, as applicable under Rule 723.1, U.S.C.A. Bankruptcy Rules, generally outlines the prerequisites for a shareholder's derivative suit. Among other things Rule 23.1 requires that:

The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort.

The plaintiff's complaint is, on its face, defective insofar as meeting Rule 23.1 requirements since it fails to allege any efforts to demand prosecution of this cause of action by Kittyhawk directors or the court-appointed bankruptcy trustee or the results therefrom. Fields v. Fidelity General Insurance Co., 454 F.2d 682 (7th Cir. 1971); Wales v. Jacob, 104 F.2d 264 (6th Cir. 1939). Where the pleadings fail to suggest that refusal of directors (or a trustee in bankruptcy or state-appointed receiver) to sue upon demand was fraudulent or collusive or indicate nothing worse than unsound business judgment exercised honestly in the corporate interest, derivative suits may not be maintained by shareholders. United Copper Securities Co. v. Amalgamated Copper Co., 244 U.S. 261, 37 S.Ct. 509, 61 L.Ed. 1119 (1917); Hawes v. City of Oakland, 104 U.S. 450, 26 L.Ed. 827 (1881); Cosentino v. Carver-Greenfield Corp., 433 F.2d 1274 (8th Cir. 1970); Ash v. International Business Machines, Inc., 353 F.2d 491 (3rd Cir. 1965). The uselessness of making a demand is a matter lying within the sound discretion of the Court. de Haas v. Empire Petroleum Co., 435 F.2d 1223 (10th Cir. 1970). Only demonstrable futility or the actual refusal of a demand for reasons outlined above can abrogate the Rule 23.1 prerequisite of such demand for prosecution of a corporate cause of action.

Plaintiff has made oblique reference to such futility of making demand of Kit-tyhawk directors or the bankruptcy trustee. Such bare conclusory statements in plaintiff's memorandum against defendant's motion notwithstanding, plaintiff cannot bring this action since (1) futility has not been sufficiently demonstrated to this Court, and (2) plaintiff has not satisfied the other requirements to maintain this action even if futility had been, in fact, demonstrated. *See e. g.,* In re Western Tool & Mfg. Co., 142 F.2d 404 (6th Cir. 1944).

■ Under 11 U.S.C. § 110(a)(5) (1970), the trustee in bankruptcy takes title to all of the bankrupt's property, including the right to corporate causes of action. The Supreme Court in Pepper v. Litton, 308 U.S. 295, 307, 60 S.Ct. 238, 245, 84 L.Ed. 281 (1939) stated:

While normally that fiduciary obligation [of a dominant stockholder director or officer] is enforceable directly by the corporation or through a stockholder's derivative action, it is, in the event of the bankruptcy of the corporation, enforceable by the trustee.

Where a receiver or trustee has been appointed, as here, the trustee is an indispensable party to a shareholder's derivative suit, and the shareholder must therefore make demand on the receiver or trustee and also obtain the consent and authorization of the bankruptcy or receivership court to bring suit. Fields v. Fidelity General Insurance Co., *supra;* Bayliss v. Rood, 424 F.2d 142 (4th Cir. 1970); Stutts v. Waldrop, 377 F.2d 275 (5th Cir. 1967); Worley v. Dunn, 252 F.2d 712 (6th Cir. 1958); In re Penn Central Securities Litigation, 335 F. Supp. 1026 (E.D.Pa.1971); Wright & Miller, Federal Practice and Procedure —Civil § 1831 (1972 pocket part). Failure to do so warrants dismissal of the action. Fields v. Fidelity General Insurance Co., *supra.*

On the uncontroverted facts of this case, plaintiff has failed to satisfy Fed. R.Civ.P. 23.1 by making demand of Kit-tyhawk's trustee in bankruptcy to prosecute this cause of action; plaintiff has also failed to petition the bankruptcy

court for permission to institute this shareholder's derivative suit. Accordingly, after careful consideration of all submissions of both sides under Rule 56 of the Federal Rules of Civil Procedure, the Court finds no genuine issue of material fact as to these jurisdictional requirements, and defendant is entitled to judgment as a matter of law dismissing the instant complaint. The parties are directed within ten (10) days of the date of this Order to submit to the Court a Judgment Order in accordance with this determination.

It is so ordered.