[Civ. No. 18404. Fourth Dist., Div. One. Nov. 5, 1979.]

SCOTT G. MILLER et al., Plaintiffs and Appellants, v.
R. K. A. MANAGEMENT CORPORATION et al., Defendants and
Respondents.

COUNSEL

Joseph J. Fisch for Plaintiffs and Appellants.

Seltzer, Caplan, Wilkins & McMahon, Gerald L. McMahon and James B. Person for Defendants and Respondents.

OPINION

**STANIFORTH, J.**—Plaintiffs' suit seeks to invalidate the bankruptcy court's order confirming and directing a sale by the reorganization trustee of the debtor's (Royal Properties, Inc.) real property to R. K. A. Management Corp. (R.K.A.) free and clear of all liens.

R.K.A. (1) demurred on the grounds the superior court lacked jurisdiction of the subject matter and that the complaint failed to state a cause of action, either as a derivative or an individual suit; (2) moved to dismiss under section 389 of the Code of Civil Procedure on the grounds that the bankruptcy trustee was an indispensable party who had not been, and could not be, joined; (3) moved pursuant to sections 409.1 and 409.5 of the Code of Civil Procedure to expunge plaintiffs' notice of lis pendens on the grounds the suit did not affect real property and was not brought in good faith or for a proper purpose.

After hearing, the court sustained the demurrer without leave to amend, entered a judgment of dismissal and ordered the expunging of the notice of lis pendens. Plaintiffs appeal contending (1) the superior court abused its discretion when it sustained the demurrer without leave to amend; (2) the bankruptcy court lost its jurisdiction over the real property when its sale was confirmed and accomplished; (3) the bankruptcy court's order confirming and directing the sale free and clear of the liens and the order expunging the lis pendens may be reviewed on this appeal and should be reversed for lack of substantial evidence.

Defendants moved to dismiss the appeal and seek sanctions against plaintiffs for prosecuting a frivolous appeal. For the reasons set forth, we affirm the orders and impose sanctions.

I

The complaint alleges, so far as is here pertinent, as follows:[1]

Plaintiffs Scott G. Miller, Richard A. Miller and Kent B. Casady are the officers and directors of the debtor corporation, Royal Properties,

---

[1]We supplement these allegations with facts gleaned from the certified copy of the record of the bankruptcy proceeding of which this court has taken judicial notice (Evid. Code, §§ 452, subd. (d), and 453) in order to determine whether the complaint is amendable to state a cause of action. (*Mobaldi* v. *Regents of the University of California,* 55 Cal.App.3d 573, 577 [127 Cal.Rptr. 720].)

Inc. (Royal). The assets in dispute consist of real property, in three units, located on the northern rim of Mission Valley (Fashion Heights). Initially, Royal held fee title to two of the units, the third being held under a long-term lease. On August 31, 1973, by corporation grant deed, Royal conveyed to plaintiff Casady 226 lots in unit one.

The following August, plaintiffs caused Royal to file its original petition under chapter XI of the Bankruptcy Act (seeking an arrangement) in the federal bankruptcy court. The verified petition listed the entire Fashion Heights property as an asset of the debtor. By an order dated April 16, 1975, the bankruptcy court removed plaintiffs from possession of the debtor's estate and appointed John Bucher receiver. The court further found, based upon Casady's sworn testimony, that the 1973 grant deed from Royal to Casady was in fact a security agreement. Upon this basis, the bankruptcy court ordered Casady to execute back a quitclaim deed and in exchange to receive the appropriate security interest. Casady complied, executed this deed and placed it in an escrow.

Pursuant to the trustee's plan, the bankruptcy court approved the liquidation of Royal's entire estate and by order (Dec. 16, 1977) confirmed the sale of the Fashion Heights property to the defendants R.K.A. This order contained the further provisions: "(2) The sale shall be made free and clear of any and all liens, claims and interests of creditors,...(3) That...all valid liens of record are hereby transferred to said [sale] proceeds,..."

This order directed Casady and Royal, as owners of record, to execute all documents necessary to enable the trustee to convey fee title to R.K.A. Plaintiffs immediately filed notice of appeal in the United States District Court; Casady refused to sign the required deed.

Thereupon, the bankruptcy court, ex parte, ordered the delivery of the previously escrowed quitclaim deed executed by Casady pursuant to the court's 1975 order and directed the trustee to record it and deliver to Casady a promissory note for $197,462.57 and an accompanying trust deed.

Casady filed notice of appeal from the ex parte order. However, he did not seek to stay the effect of that order or the earlier order confirming the sale. Instead, on February 17, 1978, with the two appeals then pending in federal court, plaintiffs filed this action in superior court to

set aside the sale, quiet title, and recover damages and on the the same day recorded a notice of lis pendens.

Undaunted by the judgment of dismissal, expunging order and plaintiffs' pending appeal to this court, plaintiffs filed a nearly identical complaint in the federal district court and recorded a new notice of lis pendens. The federal court dismissed the action for lack of jurisdiction over the subject matter and for failure to state a cause of action; the second lis pendens was also expunged. Plaintiffs' appeal from the federal court's judgment of dismissal is also now pending before the circuit court of appeals.

During the pendency of four appeals, the bankruptcy trustee has consummated the sale of Royal's assets to R.K.A. and paid some $3.2 million in settlement of a secured creditor's claim against the debtor. The bankruptcy court has specifically retained jurisdiction over the corporate trustee and all the assets transferred under the agreement, including the remaining proceeds of sale. The trustee reports he holds more than enough money to satisfy the claims of Royal's creditors, both secured and unsecured.

## II

The factual matrix underlying this action is demonstrably complex, yet the legal principles dispositive of plaintiffs' contentions are elemental.

The demurrer to the complaint was properly sustained if the superior court had no jurisdiction over the subject matter of the cause of action (Code Civ. Proc., § 430.10, subd. (a)) or a defect or misjoinder of the parties (Code Civ. Proc., § 430.10, subd. (d)), or the complaint does not state facts sufficient to constitute a cause of action (Code Civ. Proc., § 430.10, subd. (e)). In addition, the demurrer is to be sustained if the action is barred by the absolute defense of res judicata and such defense appears from the face of the complaint or from matters of which the court may or must take judicial notice. (Code Civ. Proc., § 430.30, subd. (a); *Javor v. State Board of Equalization,* 12 Cal.3d 790, 796 [117 Cal.Rptr. 305, 527 P.2d 1153].)

■ Jurisdiction in the state court over plaintiffs' action is specific and clearly precluded by express federal statute and case authority. Ex-

clusive jurisdiction was and remains in the federal court by virtue of section 111 of chapter X of the Bankruptcy Act (11 U.S.C. § 511), like section 311 of chapter XI (11 U.S.C. § 711) which provides: "Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for purposes of this chapter, have *exclusive jurisdiction of the debtor and his property,* wherever located." (Italics added.) This grant of exclusive jurisdiction is intended to render the bankruptcy tribunal's authority and control paramount to the extent needed to achieve the ends contemplated by chapter X and to exclude interference by other persons and other tribunals which might hinder the progress of the reorganization. (See generally 6 Collier on Bankruptcy (14th ed. 1978) ¶¶ 3.03, 3.05.) So that the debtor's estate may be properly administered and the rights of creditors safeguarded, state courts may not intrude on the bankruptcy court's exclusive jurisdiction. (*Isaacs v. Hobbs Tie & Timber Co.,* 282 U.S. 734, 739 [75 L.Ed. 645, 670-672, 51 S.Ct. 270]; 1 Cal. Civil Procedure Before Trial (Cont. Ed. Bar 1977) Jurisdiction, ¶2.21, pp. 65-66.)

Plaintiffs argue that this case involves an asset which no longer belongs to the bankruptcy estate and therefore the rule of exclusive jurisdiction has no application. The recission of the sale would require the bankruptcy trustee to return over $6 million paid by R.K.A. in cash. The trustee would be required to unwind the $3.2 million settlement to Royal's largest creditor. Such an interference with the bankruptcy court's function and orders would be inconsistent with both the letter and spirit of the Bankruptcy Act. Even if a state court had jurisdiction in this situation, it should decline to exercise it; thus, it would be an unwarranted interference with the "orderly" procedure provided for by the Bankruptcy Act. (*Nolan v. Judicial Council of Third Circuit* (D.N.J. 1972) 346 F.Supp. 500, 512.)

Plaintiffs cite *In re Paddock of California* (S.D.Cal. 1964) 226 F.Supp. 43, 46, for the proposition that the jurisdiction of the bankruptcy court over property of the debtor terminates once its sale is confirmed and an unconditional transfer is executed. The case is not in point. *Paddock* holds where the debtor's trade names and franchise agreements had been sold, the sale had been confirmed by the bankruptcy court, and title and possession had passed to the buyer, the bankruptcy court had no jurisdiction to adjudicate disputes which later arose over the franchise agreements, even though there might be some "repercussions" on the bankrupt estate. In *Paddock,* the action was not

derivative in nature, neither party contested the buyer's title and right to possession. Thus, the action did not strike at the heart of, seek to undo, the reorganization proceedings. The case is manifestly inapposite on its facts. Moreover, the *Paddock* court took care to expressly distinguish the very situation we face here, where a claimant who was involved in the bankruptcy proceedings, before the sale was confirmed free and clear of liens, later sought "to circumvent" and "evade the [bankruptcy] court's order." (*Ibid.*; see also *Reconstruction F. Corp. v. Jacksonville Blow Pipe Co.* (N.D.Fla. 1956) 143 F.Supp. 601, affd. (5th Cir.) 244 F.2d 394; *In re Maryland Coal Co. of West Virginia* (N.D.W.Va.) 36 F.Supp. 142.)

### III

The complaint is also defective by reason of its failure to join the reorganization trustee as a party to the derivative cause of action. The trial court was warranted in sustaining the demurrer and granting the motion to dismiss under section 389 of the Code of Civil Procedure. The trustee held title and the right to possession of all the debtor's property, including the remaining proceeds of sale and the right to prosecute corporate causes of action, so any derivative action had to be brought by him or in his name. The trustee was an indispensable party. (*Pourroy v. Gardner,* 122 Cal.App. 521, 526-527 [10 P.2d 815]; *Kemper v. American Broadcasting Companies, Inc.* (S.D. Ohio 1973) 365 F.Supp. 1272, 1274-1275.) He had an interest to protect in this proceeding. If the state court had granted the relief plaintiffs sought, the trustee would be obliged to return more than $6 million. This would circumvent, evade the entire reorganization and liquidation proceedings.

In addition to requiring the joinder of the trustee as an indispensable party, the *Kemper* court concluded that shareholders must obtain the consent and authorization of the bankruptcy court before bringing a derivative suit. (*Ibid.*; see also 1 Collier on Bankruptcy (14th ed.) ¶ 2.62[1].) Contrary to plaintiffs' claim, any other result would eviscerate the federal policy embodied in the Bankruptcy Act by making the bankruptcy court's judgments subject to revision in the state courts. (See generally 1 Collier on Bankruptcy (14th ed. 1978) ¶¶ 2.06-2.07.)

### IV

In addition to the superior court's lack of subject-matter jurisdiction and the patent defect in joinder of parties, the complaint here is

subject to the further absolute defense that plaintiffs' cause of action is barred by res judicata.

Plaintiffs argue that the bankruptcy court's orders confirming the sale free and clear of liens are not final because appeals are pending. Under federal law, a judgment or order, once rendered, is final for purposes of res judicata until reversed or modified on appeal or set aside in the court of rendition. (*Stoll* v. *Gottlieb,* 305 U.S. 165, 170-171 [83 L.Ed. 104, 107-108, 59 S.Ct. 134]; *Levy* v. *Cohen,* 19 Cal.3d 165, 172 [137 Cal.Rptr. 561 P.2d 252]; *Nolan* v. *Judicial Council of Third Circuit, supra,* at p. 512.) This is the rule even though the bankruptcy court's order is in excess of its jurisdiction or unconstitutional. (*Chicot County Dist.* v. *Bank,* 308 U.S. 371 [84 L.Ed. 329, 60 S.Ct. 317].) Full faith and credit must be given a final order or judgment of a federal court. (*Levy* v. *Cohen, supra,* at p. 173.)

Plaintiffs' claim that res judicata does not apply because no matters were litigated between them and the defendants is without merit. Bankruptcy proceedings are in rem. "[A]ll persons concerned, including creditors, are deemed to be parties to the proceeding." (*Levy* v. *Cohen, supra,* at p. 172; see 1 Collier on Bankruptcy (14th ed.) ¶ 2.09.)

Plaintiffs have pursued their proper remedy by taking appeals from the bankruptcy orders in federal court. No other tribunal should frustrate the orderly completion of that process.

V

Plaintiffs next contend the order expunging their notice of lis pendens is unsupported by substantial evidence. Section 409.4 of the Code of Civil Procedure states that an order granting or denying a motion to expunge a notice of lis pendens "shall not be appealable" but allows the aggrieved party to seek review by writ of mandate within brief time limits, in no event later than 60 days after entry of the order. Plaintiffs failed to seek review by writ.

In view of our upholding of the trial court's sustaining of the demurrer without leave to amend, plaintiffs' claim of premature expunging of the lis pendens becomes moot.

## VI

Finally, defendants request this court impose sanctions on the plaintiffs for prosecuting a frivolous and sham appeal. ■ Free access to the courts is an invaluable aspect of our system of jurisprudence. A party possessing a colorable claim must not be chilled from asserting it by fear of unwarranted sanctions. (*Young* v. *Redman,* 55 Cal.App.3d 827, 838 [128 Cal.Rptr. 86].) However, where an appeal is frivolous and taken solely for delay, Code of Civil Procedure section 907 and California Rules of Court rule 26(a), authorize this court to impose penalties and damages.

■ The uncontradicted facts in this record, the law's clear and exclusive grant of jurisdiction to the federal court, demonstrate the lack of any merit in plaintiffs' appeal. The case (*In re Paddock of California, supra*) cited to buttress their claim of meritorious appeal, contains language, citations that do in fact negate their effort. These non-meritorious frenetic legal maneuvers had a patently improper purpose —to cloud the buyer's title to property for which it had paid over $6 million—to effectively deny that buyer the benefit of the bankruptcy court's order, circumvent, evade the bankruptcy court's plenary powers over this sale. Such proceedings and the appeal taken from the trial court's correct assessment of the law and facts are a sham, frivolous in nature and deserving of an appropriate sanction.

In shaping the appropriate relief for this vexatious appeal, the underlying policy to Code of Civil Procedure section 907 should control. The Supreme Court in *Huber* v. *Shedoudy,* 180 Cal. 311 [181 P.63], stated: "The object of imposing a penalty for frivolous appeals is twofold—to discourage the same, as well as to compensate to some extent for the loss which results from delay. . . .

"In determining the amount of damages which should be awarded in this case for the frivolous appeal we should consider the facts with relation thereto and the effect of the delay." (*Id.,* at pp. 316-317; see also Comment, Manwell, *The Vexatious Litigant,* (1966) 54 Cal.L.Rev. 1769, 1778-1782.)

Defendants invite this court to assess *compensatory* damages—loss of the use of over $6 million for nearly two years—in the full amount of $891,754.91. Such action would deprive the plaintiffs of a trial on the

issue of damages. Code of Civil Procedure section 907 is not a substitute for an appropriate malicious prosecution action. On the other hand, a nominal sanction would do naught to curb the species of sham appeal here apparent. We assess the plaintiffs as sanction for prosecuting this frivolous appeal the sum of $15,000.

Judgment affirmed.

Brown (Gerald), P. J., and Cologne, J., concurred.