**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

NOV 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: TOWER PARK PROPERTIES, LLC, <br><br>          Debtor, <br><br> ------------------------------ <br><br> FIDUCIARY TRUST INTERNATIONAL OF CALIFORNIA, Trustee ad litem of the Mark Hughes Family Trust dated September 3, 1987, <br><br>          Appellant, <br><br>   v. <br><br> TOWER PARK PROPERTIES, LLC, Reorganized Debtor, <br><br>          Appellee. | No.   16-56092 <br><br> D.C. No. 2:13-cv-01518-GHK <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted November 15, 2017
Pasadena, California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  HAWKINS, PARKER,[**] and IKUTA, Circuit Judges.

Fiduciary Trust International of California (FTIC) appeals the district court's memorandum decision dismissing FTIC's appeal of a bankruptcy court order approving certain "Conditional Provisions" in a settlement agreement that made changes to Tower Park Property, LLC's confirmed Chapter 11 plan of reorganization.  Before the district court, FTIC moved to dismiss this appeal on the ground that the Conditional Provisions failed to take effect, and appeals the district court's denial of this motion to dismiss.  We have jurisdiction under 28 U.S.C. § 158(d)(1) and 28 U.S.C. § 1291.

The settlement agreement provides that the Conditional Provisions do not take effect unless a fourteen-day appeal period following the bankruptcy court's approval of the provisions elapses "without the filing of any appeal."  Because Alexander Hughes appealed the bankruptcy court's approval order within the fourteen-day period, the Conditional Provisions became "void and of no force or effect ab initio."  Contrary to Tower Park's argument, the phrase "any appeal" is not "reasonably susceptible" to an interpretation that excludes Hughes's appeal. *Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 69 Cal. 2d 33, 37

---

[**]   The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

(1968).  The term that the parties chose is "plainly all-inclusive."  *Gerdlund v.*

*Elec. Dispensers Int'l*, 190 Cal. App. 3d 263, 273 (1987).  While Tower Park's

extrinsic evidence shows that certain parties to the settlement agreement were

especially concerned about the risk of certain types of appeals, it does not show

that the parties to the settlement agreement understood the phrase "any appeal" to

mean "only certain appeals."  Because the Conditional Provisions did not go into

effect, FTIC's appeals are moot.[1]

     **REVERSED**.

---

[1]Because we resolve this case on mootness grounds, we need not reach either the other threshold question, whether FTIC has appellate standing, *see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007), or FTIC's other arguments.