Filed 7/25/22 Tower Park Properties v. Hughes Investment Partnership CA2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| TOWER PARK PROPERTIES, LLC, et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> HUGHES INVESTMENT PARTNERSHIP, LLC, et al., <br><br> Defendants and Respondents. | B313592 <br><br> (Los Angeles County Super. Ct. No. 19SMCV00567) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark A. Young, Judge. Affirmed.

Manatt, Phelps & Phillips, Barry W. Lee and Benjamin G. Shatz for Plaintiffs and Appellants.

Winston & Strawn, Rolf Woolner, Alexandra Aurisch and Linda T. Coberly for Defendants and Respondents.

The parties assert conflicting rights to 157 acres of land (the Property) that has long been the subject of federal and state litigation. Appellants Tower Park Properties, LLC (TPP) and Tower Park Development Company, LLC (TPD) obtained over $50 million from respondents MH Holdings II H, LLC (MH) and Hughes Investment Partnership (HIP) to develop the Property. Trust deeds on the Property secured the loans.

Appellants did not repay the loans and transferred the Property to a third party without the lenders' consent. When respondents began foreclosure proceedings, appellants filed this lawsuit. The trial court sustained respondents' demurrers without leave to amend, ruling that appellants' rights were previously litigated and cannot be relitigated, and they failed to state a claim. On de novo review, we affirm the judgment for respondents. Appellants have not demonstrated that they can amend their pleading to state a claim.

**FACTS**

Respondents are owned by Mark Hughes Family Trust (Trust). MH held title to the Property, located on a mountain above Beverly Hills, which Mark Hughes purchased in 1998. Alexander Hughes (Hughes) is Trust's sole noncontingent beneficiary. Hughes is not a party to this lawsuit.

In 2004, respondents financed appellants' acquisition of the Property for the purpose of developing it. Appellants obtained a series of loans from respondents: $25,350,000 in 2004; $18 million in 2006; and $7 million in 2010. The loans were secured by deeds of trust on the Property. TPP filed for bankruptcy in 2008; during reorganization, it had disputes with respondents over the loans.

Appellants reached a written settlement with respondents and Trust in 2013, reducing TPP's debt from $81 million to $57.5 million (the Settlement). Appellants agreed to pay $5 million as consideration for the Settlement. The parties agreed "to use their reasonable best efforts" to secure bankruptcy court approval of the Settlement. Appellants allegedly tried to tender the discounted payoff in 2013 and 2015, but it was refused.

Trust beneficiary Hughes opposed the Settlement and asked the probate court to remove the trustees who signed it. The court suspended the trustees' power to approve the Settlement and appointed a trustee ad litem, Fiduciary Trust International of California (FTIC), to "independently determine whether the [Settlement] . . . is proper and in the best interests of the Trust, and shall take whatever action is necessary and appropriate to promote or forestall approval" of the Settlement in bankruptcy court.

After a trial, the probate court removed the trustees in March 2013, finding they substantially breached their fiduciary duties by selling the Property for no money down to a buyer who lacked financial resources, education or experience in real estate development. Though the buyer defaulted on the loans, the trustees never declared default and lent more and more money. The court appointed FTIC as interim successor trustee. The removal of the trustees was upheld on appeal. (*Hughes v. Klein* (Mar. 30, 2015, A138983) [nonpub. opn.] [2015 Cal.App.Unpub. LEXIS 2279].) FTIC is *not* a defendant in this current lawsuit.

The Settlement required bankruptcy court approval. Respondents filed papers asking the court to *approve* the Settlement. At the time, respondents were still controlled by the

3

original trustees, who had yet to be removed. After the bankruptcy court rejected Hughes's objections, he appealed its January 2013 approval of the Settlement.

The Ninth Circuit Court of Appeals ruled in 2017 that Hughes's appeal voided the Settlement's provisions. The court cited a Settlement clause stating that debt-reduction provisions take effect after bankruptcy court approval unless "any appeal" is filed within 14 days. Hughes appealed within the 14-day period, nullifying the Settlement provisions. (*In re Tower Park Props., LLC* (9th Cir. Nov. 27, 2017, No. 16-56092) 704 Fed.Appx. 702 [2017 U.S.App. LEXIS 23916].)

The parties returned to bankruptcy court. FTIC sought dismissal of TPP's adversary proceeding, which alleged a breach of the Settlement arising from FTIC's rejection of appellants' tender of the discounted debt and opposition to the Settlement. We take judicial notice that on July 5, 2022, the bankruptcy court dismissed TPP's complaint with prejudice. It rejected claims that FTIC breached the Settlement or violated the covenant of good faith and fair dealing by colluding with Hughes to appeal the court's 2013 approval of the Settlement. TPP's federal claims against FTIC mirror its claims against respondents here; appellants agree that the two actions have "substantially overlapping allegations and claims."

HIP filed a foreclosure action in 2016 (the Foreclosure Action). [1] In 2018, the court summarily adjudicated the foreclosure claim in favor of HIP. The court found TPP did not repay its loan, was in default, and improperly transferred its

---

[1] The case is *Hughes Investment Partners, LLC v. Secured Capital Partners, LLC*, *et al.* (Super. Ct. L.A. County, 2018, No. BC636286).

4

interest in the Property to Secured Capital Partners (SCP), without HIP's consent. The court rejected arguments that HIP had to honor the terms of the Settlement.

Appellants and SCP filed this lawsuit to enjoin foreclosure on the Property after respondents recorded notices of default claiming that appellants owe $192,557,155.40 in principal and interest. Appellants allege breaches of the Settlement and the implied covenant of good faith and fair dealing. In May 2019, the court denied appellants an injunction, citing the Foreclosure Action and the Ninth Circuit decision.

One day before the foreclosure sale, SCP petitioned for bankruptcy; an automatic stay stopped the sale. Later, SCP returned the Property to TPP. The maneuvers failed.[2] Respondents proceeded with nonjudicial foreclosure of the Property in August 2019.

## DEMURRERS

Respondents demurred, asserting res judicata, collateral estoppel, and abatement. In response, appellants argued that their claims are not barred by res judicata because the pleading shows that "these Defendants and others worked in concert to deny Plaintiffs the benefits of the Settlement Agreement." They proposed to amend the complaint to change their request to enjoin foreclosure into a cause of action for wrongful foreclosure. Respondents replied that claims made in the pleading are based

---

[2] The bankruptcy court dismissed SCP's petition, saying it "reeked of bad faith." TPP tried to stop foreclosure with its own bankruptcy, only to have the judge accuse it of bringing "the most bad faith case I've ever, ever seen," an "extraordinary abuse of the legal system" and "an affront to the judicial system." SCP is not a party to this appeal.

5

on purported failures to accept tenders of the discounted payoff under the Settlement and use " 'best efforts' " to get the Settlement approved; however, the Ninth Circuit declared that the Settlement provisions are void *ab initio*. There was no duty to accept a tender.

The court ruled that res judicata or collateral estoppel bar appellants' lawsuit: The claims were adjudicated or *could* have been raised in prior federal or state court actions. Appellants fail to state a claim for breach of the Settlement or the implied covenant of good faith and fair dealing. The court denied leave to amend because principles of res judicata preclude further litigation. It dismissed the case with prejudice.

## DISCUSSION

### 1. Appeal and Review

Appeal lies from a judgment of dismissal after demurrers are sustained without leave to amend. (Code Civ. Proc., §§ 581d, 904.1, subd. (a)(1); *Serra Canyon Co. v. California Coastal Com.* (2004) 120 Cal.App.4th 663, 667.) We review pleadings de novo to determine if a cause of action has been stated, accepting the truth of the complaint's facts but not the truth of contentions or conclusions of fact or law. (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191; *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)

A demurrer "is to be sustained if the action is barred by the absolute defense of res judicata and such defense appears from the face of the complaint or from matters of which the court may or must take judicial notice." (*Miller v. R. K. A. Management Corp.* (1979) 99 Cal.App.3d 460, 465; Code Civ. Proc., § 430.30, subd. (a) [demurrer may be based on "any matter of which the court is required to or may take judicial notice"].) The trial court

took judicial notice of federal and state court records. We follow suit. (Evid. Code, §§ 452, subd. (d), 459.)

## 2. Forfeiture of Claims on Appeal

Respondents argue that appellants forfeited their claims by failing to make them in the trial court, observing that appellants offered "a token opposition." Respondents cite several inapposite examples of forfeiture, e.g., *Mattco Forge, Inc. v. Arthur Young & Co.* (1997) 52 Cal.App.4th 820, 847 [appeal from a jury verdict] or *Meridian Financial Services., Inc. v. Phan* (2021) 67 Cal.App.5th 657, 699–700, and *DiCola v. White Brothers Performance Products, Inc.* (2008) 158 Cal.App.4th 666, 676 [appeals from summary judgment].

When demurrers are sustained, we determine if a complaint alleges "facts sufficient to state a cause of action under *any possible legal theory*." (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 870, italics added.) "[T]he 'any possible legal theory' standard encompasses a legal theory presented for the first time in an opening appellant's brief." (*Gutierrez v. Carmax Auto Superstores California* (2018) 19 Cal.App.5th 1234, 1244.) Forfeiture does not apply here.

## 3. Appellants' Claims

### a. Declaratory and Injunctive Relief

Appellants' first cause of action alleges that they are "not in default of their obligations under the loans secured by the Deeds of Trust." They claim "they tendered all amounts due under the Deeds of Trust and [respondents] wrongfully rejected such tender. The parties further dispute the amounts due on the loans, if any, secured by the Deeds of Trust." Appellants seek a judicial declaration of their rights and duties under the loans and trust deeds.

7

The court sustained a demurrer to the first cause of action on the grounds of collateral estoppel, citing the 2018 ruling in the Foreclosure Action brought by HIP. (See fn. 1, *ante*.) A lawsuit is precluded if (1) it raises a claim or issue identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a judgment on the merits; and (3) the party against whom res judicata is asserted was a party or in privity with a party to the prior proceeding. (*Boeken v. Phillip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797.) Federal law similarly requires identity of claims, a judgment on the merits, and privity. (*Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency* (9th Cir. 2003) 322 F.3d 1064, 1077.)

In the Foreclosure Action, the court found that no principal was paid on the fourth deed of trust and TPP violated the trust deed by transferring its interest to SCP without HIP's written consent. The court authorized HIP to foreclose. The ruling addressed respondents' right to foreclose and whether appellants are entitled to a setoff. The court also disposed of SCP's cross-complaint alleging that respondents wrongfully opposed Settlement provisions giving appellants a discounted payoff. The cross-complaint was barred by the Ninth Circuit's finding that the Settlement provisions are void *ab initio*.

Appellants argue (1) the Foreclosure Action and this lawsuit do not involve identical issues; (2) there is no showing that TPP is in privity with TDP or SCP; and (3) applying collateral estoppel is unjust.

First, appellants assert that the Foreclosure Action did not cover their claim that respondents' notices of default overstate the debt owed. Appellants' opposition to the demurrer clarifies that respondents "grossly overstated the amounts due on their notes, both because Plaintiffs should be entitled to the benefits of the Settlement Agreement, and also because as a matter of

8

equity, Plaintiffs should not be required to pay penalty and default interest for the almost five year period during which the United States Bankruptcy and District Courts said they were in full compliance with their obligations to the Lenders."

As a matter of law, appellants cannot claim a benefit from the Settlement because it is void *ab initio,* i.e., since it was signed in 2013. (*In re Tower Park Props., LLC, supra,* 704 Fed.Appx. 702 [2017 U.S.App. LEXIS 23916].)  Appellants cannot relitigate the viability of the Settlement in this case, five years after the Ninth Circuit invalidated it.

Second, appellants claim, "TPP was not a party to the foreclosure proceeding and was not in privity with TPD or SCP."[3] This is incorrect.  TPP intervened in the Foreclosure Action, opposed summary adjudication, appeared, and objected to the court's proposed order.  " ' "[A]n intervener becomes an actual party to the suit by virtue of the order authorizing him to intervene." ' " (*Western Heritage Ins. Co. v. Superior Court* (2011) 199 Cal.App.4th 1196, 1206.)  As a party to the Foreclosure Action, TPP is bound by the decision in that case.

Third, applying collateral estoppel is not unjust. Appellants claim that HIP refused to amend its pleadings in the Foreclosure Action to name TPP as a party, after TPP discovered that its conveyance of the Property to SCP was ineffectual.  TPP became a party to the Foreclosure Action after obtaining leave to intervene.  TPP had its day in court.

---

[3] TPP was not named as a defendant in the Foreclosure Action because it had transferred its interest to SCP.

9

### b. Breach of Settlement and the Implied Covenant of Good Faith

The trial court ruled that the second and third causes of action, for breach of the Settlement and breach of the implied covenant of good faith and fair dealing, are barred by res judicata. We need not determine whether the bankruptcy ruling the court cited is preclusive. Regardless, appellants have failed to state a claim.

Appellants allege, on information and belief, that respondents colluded and conspired with FTIC and Hughes to breach the Settlement by "allowing Alexander [Hughes] and FTIC to take actions (a) to oppose Bankruptcy Court Approval of the Settlement Agreement; and (b) to pursue for four plus years appeals of the Bankruptcy Court's order approving the Settlement Agreement. In addition, [respondents] breached the Settlement Agreement by refusing to accept tender of those amounts called for under the Settlement Agreement." These acts violate the covenant of good faith and fair dealing.

Respondents performed their part of the bargain: They joined with appellants to ask the bankruptcy court to approve the Settlement. Although Trust beneficiary Hughes contested the Settlement, he is not a party to this lawsuit. The federal court record proves that the named defendants here, MH and HIP, secured bankruptcy court approval of the Settlement.

Appellants' pleading and brief lean heavily on their early successes in the lower federal courts, which ruled that the Settlement's debt-reduction provisions "remained in effect notwithstanding Alexander's appeal." Appellants call these "sound decisions." However, the early successes were erased when the Ninth Circuit held that Hughes's appeal made the debt-

10

reduction provisions " 'void and of no force or effect ab initio,' " meaning they "did not go into effect." (*In re Tower Park Props., supra,* 704 Fed.Appx. 702 [2017 U.S.App. LEXIS 23916].)

Appellants cannot sue respondents for "allowing" Hughes—who was not a party to the Settlement—to exercise his First Amendment right to petition the courts, including his appeal. Respondents do not control the Trust beneficiary. Appellants cannot sue respondents for rejecting a tender of Settlement money. As noted, the Ninth Circuit found the Settlement provisions "did not go into effect." If respondents had accepted a tender, they would have to return the money to obey the Ninth Circuit. Appellants cannot resurrect the Settlement by claiming respondents colluded with Hughes: Hughes and respondents took opposing positions in January 2013, and no allegations in appellants' pleading can change the existing federal court record. Hughes's appeal on February 5, 2013, voided the Settlement, regardless of what respondents did later.

### 4. Leave to Amend

Appellants argue that the court abused its discretion by denying leave to amend. In opposition to the demurrers they merely wrote, "Plaintiffs should be given leave to amend," without specifying how they could cure the pleading. A request to amend may be asserted for the first time on appeal. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 971; Code Civ. Proc., § 472c, subd. (a).) Appellants have the burden of showing a reasonable possibility that the complaint's defects could be cured by amendment. (*King v. CompPartners, Inc.* (2018) 5 Cal.5th 1039, 1050; *T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.)

11

Appellants argue that they can amend to allege additional facts showing collusion between respondents and Alexander Hughes, citing a newly discovered common defense agreement between Hughes and FTIC. An agreement between FTIC and Hughes does not show collusion with respondents, who secured bankruptcy court approval of the Settlement.

Appellants argue that TPP is "excused" from obtaining bankruptcy court approval of the Settlement and is "fully entitled to the benefits" of the Settlement. Appellants cannot relitigate this issue. TPP *did* seek bankruptcy court approval of the Settlement and, with respondents' assistance, obtained it. The Ninth Circuit later declared the Settlement's provisions void. State courts cannot revive contractual benefits that a federal appeals court nullified five years ago.

Finally, appellants urge us to equate this case with TPP's bankruptcy court adversary case against FTIC. Of course, appellants were unaware, when they filed their brief, that the bankruptcy court would dismiss TPP's case, a ruling that TPP has now appealed. In any event, respondents sought bankruptcy court approval of the Settlement. They are not similarly situated to FTIC, who objected to the Settlement. The federal adversary case between TPP and FTIC does not justify a continuation of this lawsuit against MH and HIP. In sum, appellants have not shown a reasonable possibility that an amendment could cure the pleading's defects.

## DISPOSITION

The judgment dismissing appellants' complaint is affirmed. Respondents are entitled to recover their costs from appellants.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.

13