199 So.2d 650

Eddie JEMISON et al.

v.

Howard BRANTLEY.

1 Div. 402.

Supreme Court of Alabama.

June 1, 1967.

Wilters & Brantley, Bay Minette, for appellee.

SIMPSON, Justice.

The appellants filed a suit in the nature of ejectment, etc. for the recovery of 10 acres of land lying in Baldwin County. When the trial commenced the appellants offered in evidence the deed from the predecessor in title to Eddie Jemison. No objection was made to the introduction of this deed. Following the introduction of this deed, the appellants sought to put in evidence a deed from Eddie Jemison and Minnie Jemison, his wife, to the other appellants herein who were named as grantees in that deed. The grantees therein are the daughter and two stepdaughters of appellant Eddie Jemison. A motion to exclude this latter deed was made by the defendant below and the deed was excluded. It appears that the following occasioned the final ruling by the court to exclude this deed, and his ruling to that effect causing the plaintiffs below to take a nonsuit with leave to bring this appeal:

In 1959 Eddie Jemison was arrested and convicted of possessing marijuana contrary

Kenneth Cooper, Bay Minette, for appellants.

to the federal statutes. The Federal Government levied a tax lien against him for $88,000. Shortly after his arrest Eddie Jemison and his wife Minnie executed the deed in controversy conveying the 10 acres involved to Eddie's daughter and two step-daughters. Thereafter the United States instituted proceedings in the United States District Court for the Southern District of Alabama, Southern Division to have this deed set aside. This proceeding culminated in a decree whereby the court found that no consideration was paid by the grantees in the deed, and the same was set aside. The Federal Court ordered the property here involved sold at public auction. At the sale held pursuant to this decree, the appellee here was the purchaser. The entire record of the Federal Court proceedings was put in evidence by the defendant. These documents included an "Objection to the Confirmation of Sale" filed in that proceeding by Eddie and Minnie Jemison. This objection was based upon the contention made by Eddie and Minnie Jemison that the property here involved constituted the homestead of Eddie and Minnie Jemison and was not subject to the federal sale to satisfy taxes. As to the precise parcel here involved, the federal decree overruled the objection, finding that it was not the homestead of these parties. Thereafter these parties filed in the Federal Court a Petition for Rehearing, again asserting that the property was their homestead. This petition was overruled. The appellee here then offered in evidence a Marshall's Deed conveying the property to him and a "Report of Sale" made in the Federal Court. He further put in a motion filed by appellants to Cancel the Order of Sale of this property, again asserting that the property was the homestead. This objection was denied, as the Federal Court records clearly indicate.

After all of this was before the trial court, out of the presence of the jury, the motion to exclude the deed from Eddie and Minnie Jemison to their children was granted, the trial court commenting that to allow the deed in evidence would constitute a collateral attack on the Federal Court judgment. It is clear from the record that appellants seek to re-argue here the question of the validity of the deed. It is further asserted that the judgment is not binding on the children of Eddie and Minnie Jemison in that the tax lien was personal to Eddie Jemison, and hence it is argued that the validity of the deed sought to be introduced could not have been adjudicated by the Federal Court as to the grantees therein.

■ In this contention, the appellant ignores the record itself. The Federal Court proceeding involving the setting aside of this deed named as defendants Eddie Jemison, Minnie Jemison, Mamie Lawson, Susan McCreary, and Laura Washington. In that proceeding the court determined that the deed was void and set the same aside. If the court was wrong in so holding, the remedy was an appeal from that judgment. To permit the parties to impeach it in this proceeding would clearly constitute a collateral attack on that judgment. This they have no right to do. The proceeding in the Federal Court is regular on its face, it was competent to adjudicate the matter and having jurisdiction of the subject matter and the parties (or so it appears on the face of the record, and no evidence to the contrary was offered by appellants) it is presumed to be correct. It is therefore as solemn against such an attack here attempted as is a domestic judgment. Mason v. Calhoun, 213 Ala. 491, 105 So. 643; A.B.C. Truck Lines v. Kenemer, 247 Ala. 543, 25 So.2d 511.

■ We think under these principles that the trial court was correct in ruling that the plaintiffs below could not rely upon a deed which had been declared void in the Federal Court, and that to permit them to do so would be to sanction a collateral attack on that judgment.

■ It is vaguely contended by the appellant that the Federal Court judgment can

have no effect against the daughters of Eddie and Minnie Jemison, although they appear as defendants in the federal proceeding. This is of no help to appellants. In an early case, quite similar to the one at bar (Robinson v. Allison, 97 Ala. 596, 12 So. 382, 604) this court held:

"In the application for rehearing it is urged that the record of the judgment recorded in the federal court, upon which the execution issued, does not affirmatively show service of notice upon the defendant in the execution.

"The court is one of general jurisdiction [the U. S. District Court for the Northern District of Alabama]. The judgment is in all respects regular. In collateral proceedings, jurisdiction of the court must be presumed, unless it affirmatively appears upon the face of the judgment, or until it is affirmatively shown that the court was without jurisdiction."

Affirmed.

LIVINGSTON, C. J., MERRILL and HARWOOD, JJ., concur.