EDWARD N. SCRUGGS, Retired Circuit Judge.
This is the second appeal to this court of this detinue case.
With regard to the first appeal, the defendant’s motion to dismiss the plaintiff’s complaint was granted by the trial court upon the ground of res judicata and, upon the plaintiff’s appeal, we concluded our opinion as follows:
“The essential elements of res judicata are: a prior judgment rendered by a court of competent jurisdiction; the prior judgment has been rendered on the merits; the parties to both suits are substantially identical; and the same cause of action is present in both suits. Reliance Insurance Co. v. Substation Products Corp., 404 So.2d 598 (Ala.1981).
“We have found that a judgment on the merits was rendered by a court of competent jurisdiction, the bankruptcy court’s order of June 16, 1982, and that the parties in that proceeding were the same parties as in the present proceeding. However, the record fails to show that the cause of action adjudicated in the bankruptcy court is the same cause of action sought to be adjudicated in the present action.
“Since one of the essential elements of res judicata is missing, the trial court could not find that the present action was barred by the bankruptcy adjudication. The trial court’s judgment dismissing the present action is reversed and the cause remanded.”
Fowler v. Fowler, 455 So.2d 889 (Ala.Civ.App.1984).
Following remand of the case, a nonjury trial was held wherein the plaintiff admitted to the trial court that the same property was involved in both the bankruptcy litigation and in the present detinue action and that the same subject matter is present in the instant litigation as was under consideration in the bankruptcy proceedings. The trial court dismissed the plaintiff’s case since all of the elements of res judica-ta were met. The plaintiff timely filed the present appeal.
The elements of res judicata which were adjudicated as being present in the first appeal also exist in this second appeal and, in addition, that element which was absent in the prior appeal was supplied after remand by the plaintiff’s own trial testimony. The learned trial court properly dismissed the plaintiff’s action after ascertaining that *720 the order of the bankruptcy court was res judicata as to this detinue action.
Even if the bankruptcy court’s order was erroneous, it was correctable only through the federal court and, under the circumstances, the trial court and this court are required to accept the bankruptcy court’s order as it was rendered and entered. Jemison v. Brantley, 281 Ala. 108, 199 So.2d 650 (1967).
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the judges concur.