**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Melissa Jean Marks, Appellant,

v.

Old South Mortgage Corporation, John Does 1-100, Nationstar Mortgage, LLC, Defendants,

Of whom Nationstar Mortgage, LLC, is the Respondent.

Appellate Case No. 2013-002555

———————————

Appeal From Colleton County
Maité Murphy, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-245
Submitted February 1, 2015 – Filed June 3, 2015

———————————

**AFFIRMED**

———————————

Melissa Jean Marks, of Round O, pro se.

Robert A. Muckenfuss, of McGuireWoods LLP, of Charlotte, North Carolina; and Elizabeth Marion Zwickert Timmermans, of McGuireWoods LLP, of Raleigh, North Carolina, for Respondent.

———————————

**PER CURIAM:** Melissa Jean Marks appeals the circuit court's orders, which granted summary judgment to Nationstar Mortgage (Nationstar), denied her motion to dismiss Nationstar as a party, and denied her motion for reconsideration. Marks argues the circuit court erred in (1) failing to follow the law of the case; (2) failing to determine whether Nationstar engaged in fraud, which barred it from obtaining rights as a holder in due course; (3) finding Nationstar had standing; (4) finding Marks lacked standing; (5) finding the case was barred by judicial estoppel; (6) finding the case was barred by res judicata; (7) failing to determine whether Nationstar produced sufficient evidence to support the grant of summary judgment and the denial of Mark's motion to dismiss; and (8) failing to determine whether her issues should have been bifurcated so some could have proceeded to judgment on the merits. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in denying her motion to dismiss Nationstar as a party: *Glaze v. Grooms*, 324 S.C. 249, 255, 478 S.E.2d 841, 844 (1996) ("A motion to dismiss a party is addressed to the court's discretion."); Rule 19(a), SCRCP ("A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest . . . ."); *Bank of Am., N.A. v. Draper*, 405 S.C. 214, 223, 746 S.E.2d 478, 482 (Ct. App. 2013) ("A holder is a person in possession of [an] instrument drawn, issued, transferred, or indorsed to him."); S.C. Code Ann. 36-3-301 (Supp. 2014) ("'Person entitled to enforce' an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to [s]ection 36-3-309 or 36-3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.").

2. As to whether the circuit court erred in granting Nationstar's motion for summary judgment: *McNaughton-McKay Elec. Co. of N.C. v. Andrich*, 324 S.C. 275, 279, 482 S.E.2d 564, 566 (Ct. App. 1997) ("Summary judgment is proper when it is clear there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."); *id.* ("Summary judgment should be granted when plain, palpable, and undisputable facts exist on which reasonable minds cannot differ."); *id.* ("In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence

must be viewed in the light most favorable to the nonmoving party."); *Venture Eng'g, Inc. v. Tishman Const. Corp. of S.C.*, 360 S.C. 156, 162, 600 S.E.2d 547, 550 (Ct. App. 2004) ("The doctrine of res judicata provides that final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action." (quotation marks omitted)); *Catawba Indian Nation v. State*, 407 S.C. 526, 538, 756 S.E.2d 900, 907 (2014) ("Res judicata may be applied if (1) the identities of the parties are the same as in the prior litigation, (2) the subject matter is the same as in the prior litigation, and (3) there was a prior adjudication of the issue by a court of competent jurisdiction."); *McNaughton-McKay*, 324 S.C. at 280, 482 S.E.2d at 567 ("The general rule is that a confirmed plan of reorganization is binding on the debtor and other proponents of the plan." (quotation marks omitted)); *id.* ("[J]udgments of the bankruptcy courts are normally immune to collateral attack. They can be relied upon by state courts. And when the judgment is final and valid, it is given appropriate effect as res judicata or as a collateral estoppel in subsequent proceedings in the state courts, where it is there entitled to full faith and credit." (quotation marks omitted)); *id.* ("A very broad preclusive effect has been given to orders confirming reorganization plans.").

3. As to Marks's remaining issues: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when the disposition of prior issues is dispositive).

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.