**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Wells Fargo Bank, N.A., Respondent,

v.

Delores Prescott and Wells Fargo Financial Bank (SD), Defendants,

Of Whom Delores Prescott is the Appellant.

Appellate Case No. 2015-000349

Appeal From Sumter County
Richard L. Booth, Master-in-Equity

Unpublished Opinion No. 2017-UP-046
Submitted December 1, 2016 – Filed January 25, 2017

**AFFIRMED**

Delores Prescott, of Parlin, New Jersey, pro se.

Shelton Sterling Laney, III, of Womble Carlyle Sandridge & Rice, LLP, of Greenville, and Matthew Todd Carroll, of Womble Carlyle Sandridge & Rice, LLP, of Columbia, both for Respondent.

**PER CURIAM:**  Delores Prescott appeals the master-in-equity's grant of summary judgment to Wells Fargo Bank, N.A., in a foreclosure proceeding, arguing the master (1) erred in finding she abandoned the subject property during a bankruptcy proceeding, (2) misapplied the doctrines of judicial estoppel, res judicata, and collateral estoppel, (3) incorrectly refused to allow her to proceed on an amended answer and additional counterclaims, and (4) erred in finding she filed a sham affidavit when responding to Wells Fargo's summary judgment motion.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1.  As to the master's finding that Prescott abandoned the subject property during her bankruptcy action: *Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [lower] court to be preserved.").

2.  As to whether the master erred in relying on res judicata in prohibiting Prescott from proceeding on certain defenses and counterclaims: *Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999) ("Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties."); *id.* (providing res judicata bars a litigant from raising issues that could have been raised in the prior lawsuit as well as issues actually litigated in the prior lawsuit); *Venture Eng'g, Inc. v. Tishman Constr. Corp. of S.C.*, 360 S.C. 156, 163, 600 S.E.2d 547, 550 (Ct. App. 2004) ("When a bankruptcy court's order is erroneous, it is correctable only through the federal court and, under the circumstances, the trial court and this court are required to accept the bankruptcy court's order as it was rendered and entered.").

3.  As to Prescott's arguments concerning judicial estoppel, collateral estoppel, and the statute of limitations: *Dwyer v. Tom Jenkins Realty, Inc.*, 289 S.C. 118, 120, 344 S.E.2d 886, 888 (Ct. App. 1986) (stating when a decision is based on two grounds, either of which can support it independently of the other, the decision will be affirmed whether or not the other ground is correct).

4.  As to whether the master erred in finding Prescott submitted a sham affidavit: *Cothran v. Brown*, 357 S.C. 210, 218, 592 S.E.2d 629, 633 (2004) (allowing a court to disregard a subsequent affidavit as a "sham" if submitted by a party to contradict his or her own prior sworn statement); *McMaster v. Dewitt*, 411 S.C. 138, 144, 767 S.E.2d 451, 454 (Ct. App. 2014) (noting South Carolina has adopted

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

the abuse of discretion standard in reviewing whether a lower court properly rejected an affidavit as a sham).

**AFFIRMED.**

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**